UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY JEROME JONES,

            Petitioner,

      v.                                          Case No. 16-cv-0712-bhl

REED RICHARDSON,

            Respondent.

## ORDER DENYING §2254 HABEAS PETITION

      In the middle of a late-night custodial interrogation at the Milwaukee Police Department, Petitioner Johnny Jerome Jones requested "a public pretender." (ECF No. 15 at 6.) After a detective laughed along with this quip and told him no lawyers were available at that late hour, Jones inquired about the maximum sentence he might be subject to. This led to further discussions in which he admitted his guilt. Jones' attempt to suppress his confession failed when a Wisconsin trial judge determined he had been joking and had not invoked his right to counsel. (*Id.* at 8.) The 25-year sentence that followed was anything but humorous. (*Id.*) After his direct appeals failed, Jones filed a petition for writ of habeas corpus with this Court. (ECF No. 1.) In it, he argues that his conviction is illegal because it is based on a confession he gave after invoking his right to counsel. (ECF No. 1-2 at 1.) The record does not support this contention, so his request for relief will be denied.

## LEGAL STANDARD

      To obtain federal habeas relief, Jones must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

## ANALYSIS

Jones' petition identifies only one ground for relief: the trial court improperly admitted his inculpatory statements, given after he requested counsel. (ECF No. 1-2 at 1.) A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. Accordingly, this Court must review that court's decision and decide if it is contrary to, or involves an unreasonable application of, Supreme Court precedent, or if it is based on an unreasonable determination of the facts in light of the evidence presented. Because the record reflects no such defects, Jones' petition must be denied.

### I. The State Court Decision Was Not Contrary to Federal Law.

Jones first argues that this Court should grant his habeas petition because the Wisconsin Court of Appeals' decision was contrary to clearly established federal law as articulated in three Supreme Court cases: *Davis v. United States*, 512 U.S. 452 (1994); *Connecticut v. Barrett*, 479 U.S. 523 (1987); and *Smith v. Illinois*, 469 U.S. 91 (1984). A state court decision is contrary to clearly established federal law if it "applies a rule different from the governing law set forth in [the Supreme Court's] cases." *Bell v. Cone*, 535 U.S. 685, 694 (2002). In other words, if the Supreme Court determines that the 24-second shot clock applies to all basketball games as a matter of federal law, a state court cannot elect to apply a 45-second clock instead. But that is not what happened here. The Wisconsin Court of Appeals recited the appropriate governing law, even quoting from *Davis*, one of the cases Jones argues the court ignored. *See State v. Jones*, No. 2014-AP-342-CR, 2015 WL 1292233, at *3 (Wis. Ct. App. Mar. 24, 2015). The only other way the decision could be contrary to federal law would be for it to reach a different conclusion than a Supreme Court case with materially indistinguishable facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Jones has identified no such case, and this Court is not aware of one.

### II. The State Court Decision Was Not an Unreasonable Application of Federal Law.

Jones next argues that the Wisconsin Court of Appeals' decision reflects an unreasonable application of federal law. According to the Supreme Court, a request for counsel must be unambiguous. *Davis*, 512 U.S. at 459. "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have

understood only that the suspect *might* be invoking the right to counsel, [Supreme Court] precedents do not require the cessation of questioning." *Id.* (citing *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991)) (emphasis in original). The central issue in Jones' case was whether the following exchange was tantamount to an unambiguous request for counsel:

> JONES: So y'all can get a public pretender right now?
> [LAUGHTER]
> DETECTIVE: You said it right, pretender … they're called public defenders.
> JONES: Oh yeah.
> DETECTIVE: Um, we obviously due to the time right now, we can't, um …
> JONES: How, how much, how much time is it anyway, you face off of reckless homicide?
> DETECTIVE: Well it's, I believe it's between the max is 15 years, I believe. Now I'm not, don't quote me on that, but …

*Jones*, 2015 WL 1292233, at *1. After hearing testimony from those involved, the circuit court judge concluded "that Jones's reference to 'a public pretender' was made 'in sort of a joking manner,' . . . and that Jones and the two detectives laughed about the comment after it was made." *Id.* at 2. It was not, therefore, an unequivocal request. *Id.* In affirming the circuit judge's factual findings, the Wisconsin Court of Appeals held that "[a] reasonable interpretation of the audio recording is that Jones made the statement with a joking tone . . . [a]nd laughter from three different individuals—two detectives and Jones—can be reasonably inferred from the recording." *Id.* at 3. The appellate court also noted that: "[a] joking reference to a 'public pretender' is ambiguous by its very nature." *Id.* This decision would be an unreasonable application of federal law only if it unreasonably applied the correct legal principle to the facts of the case. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In addition to the three Supreme Court cases discussed above, Jones cites *United States v. Hunter*, 708 F.3d 938 (7th Cir. 2013); *United States v. Lee*, 413 F.3d 622 (7th Cir. 2005); and *United States v. Wysinger*, 683 F.3d 784 (7th Cir. 2012), as examples of federal law that the Wisconsin Court of Appeals' decision contravenes. The thrust of Jones' argument is that his use of the words "can" and "right now" dissolved any possible ambiguity in his request. In *Hunter* and *Lee*, for example, the Seventh Circuit held that the phrases "can you call my attorney?" and "can I have a lawyer?" represented unequivocal requests for counsel. *See Hunter*, 708 F.3d at 948; *Lee*, 413 F.3d at 625. It ruled similarly in *Wysinger* with respect to the phrase: "I mean, but can I call [a lawyer] now?" *See Wysinger*, 683 F.3d at 790. But those cases dealt with the familiar situation where ambiguity turned not on the sincerity of the request for counsel, but rather the

inclusion of qualifier words that cast doubt upon whether there was any true request at all. *Compare Davis*, 512 U.S. at 459 (holding that the phrase: "Maybe I should talk to a lawyer" did not reflect unequivocal invocation of the right to counsel), *with Hunter*, 708 F.3d at 944 (holding that the phrase: "Can you call my attorney?" sufficiently invoked the right). What makes Jones' case unique is that, to the extent he equivocated, he did so in his delivery, not his choice of language. The question here is therefore whether it was an unreasonable application of federal law for the state court to hold that a joke is "ambiguous by its very nature." *Jones*, 2015 WL 1292233, at *3.

Jones argues that federal law requires state courts to "give a broad, rather than a narrow, interpretation to a defendant's request for counsel." *Barrett*, 479 U.S. at 529. He also notes that courts should not venture "into the mental state of the accused" to determine intent. *Saeger v. Avila*, 930 F. Supp. 2d 1009, 1017 (E.D. Wis. 2013). "Interpretation is only required where the defendant's words, understood as ordinary people would understand them, are ambiguous." *Barrett*, 479 U.S. at 529. An ordinary person could certainly understand Jones' use of the term "public pretenders" as a comedic insult. *See, e.g.,* Rodney Thaxton & Lida Rodriguez-Taseff, *Professionalism and Life in the Trenches: The Case of the Public Defender*, 8 ST. THOMAS L. REV. 185, 185 n.2 (1995) (noting that criminal defendants frequently call public defenders public pretenders). But they would also understand the target of the joke was the attorney, not the right to counsel. Consider a used car shopper who visits a lot and is told that there are 50 beautiful cars available to purchase. If the shopper rolls his eyes and says, "I'll take them all," the ordinary person understands that his sarcasm has undermined his request; he does not really intend to "take them all." But if the shopper at some point says, "Hey, I want to buy this car; can I speak to one of you sleazeball salesman?", the ordinary person understands that the shopper's joke is meant to belittle used car salesmen, not indicate that he does not actually want to purchase a car. Jones' joke seems more akin to the second example. Thus, the mere fact that his request contained a joke was not in itself sufficient to subvert the request without additional context. *See Anderson v. Terhune*, 516 F.3d 781, 788 (9th Cir. 2008) (en banc) (holding that the demeanor with which a suspect invoked a constitutional right did not alter the fact of invocation). The Wisconsin Court of Appeals' broad assertion that the joke rendered the request ambiguous "by its very nature" was perhaps an overstatement. Having said that, that overstatement does not render the state court's ultimate conclusion an unreasonable application of Supreme Court precedent. *See Subdiaz-Osorio*

*v. Humphreys*, 947 F.3d 434, 443 (7th Cir. 2020). Habeas relief is available only where "the state prisoner shows that 'the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). When Supreme Court "cases give no clear answer to the question presented . . . 'it cannot be said that the state court "unreasonably applied clearly established Federal law."'" *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). Jones has not identified any clearly established federal law on the ambiguity of humor. (ECF No. 17 at 21.) In the absence of such law, habeas relief is not available. *Subdiaz-Osorio*, 947 F.3d at 443.

Jones also argues that the Wisconsin Court of Appeals unreasonably applied *Smith* because it relied on his post-invocation statements to support the ambiguity of that invocation. The court stated that its "conclusion that Jones did not unequivocally request counsel is further supported by the fact that after police told Jones that they could not obtain counsel for him at that time because of the time of day, Jones asked the detectives, 'How, how much, how much time is it anyway, you face off of reckless homicide?'" *Jones*, 2015 WL 1292233, at *4. Under *Smith*, "an accused's post[-]request responses to further interrogation may not be used to cast doubt on the clarity of his initial request for counsel." *Smith*, 469 U.S. at 92. The key here is that the post-request responses must result from "further interrogation." In Jones' case, the police did not resume the interrogation after his alleged invocation. It was Jones himself who restarted the dialogue when he asked about the length of his potential sentence. Because he initiated further communication, *Smith* is inapplicable. *See also Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

### III. The State Court Decision Was Not Based Upon an Unreasonable Determination of the Facts.

Jones' final argument is that the Wisconsin Court of Appeals based its legal conclusions on an unreasonable determination of the facts, namely, that he was joking when he requested counsel, and he is therefore entitled to habeas relief under 28 U.S.C. Section 2254(d)(2). "A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an 'unreasonable error.'" *Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008). 28 U.S.C. Section 2254(e)(1) "provides the mechanism for proving unreasonableness." *Id.* (holding that the petitioner must show that "the state court

determined an underlying factual issue against the clear and convincing weight of the evidence" in order to prove that the determination was objectively unreasonable).

In this case, the Wisconsin Court of Appeals correctly applied the "clearly erroneous" standard to the trial judge's findings of fact. *Jones*, 2015 WL 1292233, at *3. It held that those findings were a reasonable interpretation of the audio recording because Jones spoke in a joking tone and his laughter could be reasonably inferred. *Id.* Jones disagrees, but nothing in his petition comes close to demonstrating that the court of appeals' determination contradicted the clear and convincing weight of the evidence. He is therefore unable to upset the state court's factual findings.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court finds that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL ISSUE**.

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge